IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENIO LASO, No. R-74662, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-cv-379-MJR |
| ) | |
| DENTIST KIMBLE, UNKNOWN ) | |
| PARTY DOCTOR 1, UNKNOWN ) | |
| PARTY DOCTOR 2, and ) | |
| LIEUTENTANT of the TRANSFER BUS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Eugenio Laso, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed in Menard Correctional Center ("Menard"). Plaintiff is serving a twenty year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

The following summary of the facts is drawn from Plaintiff's First Amended Complaint (Doc. 15).

Plaintiff's troubles began on June 8, 2009, when Defendant Kimble, the Menard dentist, extracted one of Plaintiff's wisdom teeth. Plaintiff developed a serious and painful infection in his neck, ears, and throat which made it difficult for him to breathe. On June 12, 2009, Plaintiff went to the health care unit and was seen by a medical assistant who gave him pain medication (ibuprofen) and antibiotics (Doc. 15, p. 5). Later the same day, he returned to the health care

unit and was examined by the two Unknown Party Doctors.[1]  He alleges that they did nothing for him, saying that his condition was normal for a patient who had recently had a tooth extraction (Doc. 15, pp. 4-5).

On June 15, 2009, Plaintiff returned to see Defendant Kimble, still suffering swelling, difficulty breathing, and pain from the infection.  At that time Defendant Kimble put Plaintiff into the infirmary and gave him a shot.  The next day, Plaintiff was informed by a correctional officer (he does not identify this individual) that he would be transferred to Western Correctional Center ("Western").  Plaintiff claims he was told that the reason for the transfer was because he was requesting too much medical help and was being a nuisance (Doc. 15, p. 5).  According to Plaintiff, Defendant Kimble should have placed a medical hold on him to prevent the transfer because of his poor condition due to the infection.  Despite Plaintiff's protests to Defendant Kimble and to the correctional officer, he was transferred on June 17, 2009.

When the transfer bus made a stop at Logan Correctional Center, Plaintiff fainted while exiting the bus (Doc. 15, p. 6).  The supervisor in charge, identified only as Defendant Lieutenant of the Transfer Bus, did not summon any medical staff to check Plaintiff's vital signs or assess whether he needed any medical treatment.  He may or may not have had somebody give Plaintiff a drink of water (Doc. 15, pp. 3, 6).  When the bus arrived at Western, Plaintiff fainted again, and this time was taken to the prison health care unit (Doc. 15, p. 6).  From there, he was transferred to the hospital, where he was in a coma for eight days and required an operation.  Plaintiff was told that Defendant Kimble had "done something incorrect" during the tooth extraction, and Plaintiff believes this caused his infection and subsequent problems.  The infection affected Plaintiff's heart, and caused him to lose his sense of taste and feeling on the

---

[1] Although only one Unknown Party Doctor was listed as a party when the First Amended Complaint was docketed, Plaintiff actually names two different Unknown Party Doctors as Defendants.

left side of his tongue, although it is not clear from the complaint whether those injuries were permanent.

Plaintiff filed a grievance over his treatment on July 23, 2009, and the final decision denying that grievance was issued on November 20, 2009 (Doc. 15, pp. 3, 11). He filed his original complaint (Doc. 1) in this action on May 6, 2011, and the first amended complaint (Doc. 15) was filed on November 2, 2011.

**Discussion**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). According to the Seventh Circuit, dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Deliberate indifference encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that

> the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff's allegations that the infection he contracted following the tooth extraction caused him significant pain and swelling, impaired his breathing, led to his losing consciousness, and eventually caused him to need surgery, suffice to meet the objective showing that Plaintiff had a serious medical condition. The remaining question is whether he has sufficiently alleged deliberate indifference on the part of the various Defendants.

**Defendant Kimble**

Plaintiff alleges that Defendant Kimble did something improper during the tooth

extraction that caused Plaintiff to contract an infection. He also states that Defendant Kimble should have given him antibiotics from the beginning. Even taking these claims as true, such actions amount only to malpractice, and do not rise to the level of constitutional deliberate indifference. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (affirming dismissal of dental deliberate indifference claim against defendant dentist Gardner for alleged botched tooth extraction); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

Four days after the tooth extraction, on June 12, 2009, Plaintiff was taken to the health care unit and saw Defendant Kimble's assistant. He was given pain medication and antibiotics at that time. Plaintiff's complaint seems to be that he was not given this treatment earlier. However, nothing about Defendant Kimble's decision regarding Plaintiff's need for medication indicates that he was deliberately indifferent to Plaintiff's condition. Plaintiff was treated when he came to see Defendant Kimble on June 12 with an infection, and he received further treatment on June 15 when Defendant Kimble admitted him to the infirmary. It appears that Defendant Kimble responded to Plaintiff's need for medical care as soon as he became aware of Plaintiff's condition. The competence of that response is not at issue here.

Finally, Plaintiff complains that Defendant Kimble should have put a medical hold on his transfer to another prison. Assuming that Defendant Kimble had a duty to prevent the transfer of a seriously ill inmate, his failure to carry out such a duty is, at worst, malpractice or negligence. A defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Plaintiff has failed to state any constitutional claim against Defendant Kimble upon

which relief may be granted. Accordingly, this portion of the complaint shall be dismissed without prejudice to Plaintiff bringing his claim in the appropriate state court, if he wishes to pursue such an action, and if he can do so within the applicable time limits.

**Unknown Party Defendant Doctors 1 and 2**

Plaintiff saw the two unidentified Defendant Doctors on the night of June 12, 2009 (Doc. 15, pp. 4-5). Earlier that day, he had obtained pain medication and antibiotics from Defendant Kimble's assistant (Doc. 15, p. 5). The Unknown Party Doctors told Plaintiff that his pain and swelling were normal following a tooth extraction, and gave him no further treatment. Given that Plaintiff was already on medication for the infection and pain, it is not clear what else these doctors should have done for him. Their assessment that his condition was "normal" and did not require additional treatment may have been malpractice or negligence, but, as noted above, this does not amount to a constitutional violation.

Accordingly, the Eighth Amendment claim against the Unknown Party Doctors shall be dismissed without prejudice.

**Unknown Defendant Lieutenant of the Transfer Bus**

The failure of this Defendant to seek medical assistance for Plaintiff after Plaintiff fainted when the bus stopped at Lawrence Correctional Center could have amounted to deliberate indifference. Loss of consciousness would likely be considered a "serious" medical need, because it is a condition so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). A defendant's failure to seek medical help in the face of an objectively serious condition would merit further review of a deliberate indifference claim.

However, unless Plaintiff can identify the Unknown Lieutenant by name in an amended

complaint, he cannot proceed further with this case and the action will be subject to dismissal. The Court is mindful of the Seventh Circuit's admonition that where a prisoner plaintiff is not in a position to adequately investigate in order to determine which individuals were responsible for the violation of his constitutional rights, the district court may, under certain circumstances, have a duty "to assist him, within reason, to make the necessary investigation." *Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010) (quoting *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 789-90 (7th Cir. 1995)). The *Billman* court noted that a prisoner's "initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity." *Billman*, 56 F.3d at 789.

Plaintiff's complaint indicates that he had several obstacles hindering him from discovering the identity of the Unknown Lieutenant. Plaintiff was put on the transfer bus at Menard on June 17, 2009, just after his release from the prison infirmary, while he was in severe pain from his serious infection. He fainted when the bus stopped at Logan Correctional Center, after an approximate 170-mile drive,[2] and it is there that he claims the Unknown Lieutenant was deliberately indifferent to his need for medical attention. Plaintiff was put back on the bus for the remaining 92-mile drive to Western, where he fainted again before he was taken to the health care unit. After his transfer to the hospital, he was unconscious for eight days, then had to recover from surgery, thus he was not in a position to make prompt inquiries into the identity of any unknown potential defendants. When he was returned to prison, he remained at Western until shortly after he filed the original complaint in this action. He was then transferred to Danville Correctional Center in June 2011, where he remains. In addition to the fact that

---

[2] The Court has consulted the website of the Illinois Department of Corrections, http://www2.illinois.gov/idoc/facilities/Pages/AllFacilities.aspx, and www.mapquest.com for the locations and distances between the relevant correctional institutions.

Plaintiff is no longer confined in the same prison where his medical problems began or where the Unknown Lieutenant failed to assist him, *see Santiago v. Walls*, 599 F.3d 749, 765 (7th Cir. 2010), Plaintiff notes that English is not his primary language (Doc. 3, p. 2).

Taken together, these unusual circumstances indicate that Plaintiff should have another opportunity to identify the Unknown Lieutenant, and if this Defendant can be identified, to submit a Second Amended Complaint for further consideration by the Court.

**Appointment of Counsel**

Plaintiff requested the appointment of counsel at the time he filed this action on May 6, 2011 (Doc. 3). His motion was denied (Doc. 5) prior to the screening of the complaint pursuant to § 1915A. Nevertheless, the Court notes that Plaintiff's motion demonstrated that he made multiple attempts to secure counsel, to no avail. Plaintiff also explains that English is not his first language, but his pleadings to date have been relatively articulate and on point, which weighs against the appointment of counsel. Plaintiff's amended complaint added the Unknown Lieutenant of the Transfer Bus as a Defendant. The inclusion of an unidentified Defendant, combined with the reasons outlined above, creates an unusual circumstance warranting the appointment of counsel for the limited purpose of identifying the Unknown Lieutenant of the Transfer Bus. *See Billman,* 56 F.3d at 789-90; *Santiago*, 599 F.3d at 765; *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).

Accordingly, the Court **APPOINTS** Attorney Steven M. Sherman, of the firm Thompson Coburn, to represent Plaintiff in this Court only. Counsel shall conduct only such discovery as may be necessary to ascertain the identity of the Unknown Lieutenant of the Transfer Bus, and if that person can be identified, counsel shall file a Second Amended Complaint naming that Defendant. The Court should then be able to secure personal jurisdiction in this case and order

service of process.[3]  The Second Amended Complaint **SHALL BE FILED WITHIN THREE MONTHS** of the entry of this order (**on or before August 2, 2012**).  Failure to identify the Unknown Lieutenant of the Transfer Bus and file a Second Amended Complaint will result in the dismissal of the case.

Attorney Steven M. Sherman shall enter his appearance **on or before May 9, 2012**.  Attorney Sherman is welcome to share his responsibilities with an associate who is also admitted to practice in this district court.  **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.

Finally, counsel is informed that Plaintiff is currently incarcerated by the Illinois Department of Corrections at Danville Correctional Center.  Information about the facility is available at www.idoc.state.il.us.

---

[3] The Local Rules of the Southern District of Illinois direct that every member of the bar of this Court "shall be available for appointment by the Court to represent or assist in the representation of those who cannot afford to hire an attorney."  SDIL-LR 83.1(i).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1 and 2** of Plaintiff's complaint fail to state a constitutional claim upon which relief may be granted, and thus are **DISMISSED** without prejudice.  Defendant **KIMBLE**, and Defendants **UNKNOWN PARTY DOCTORS 1 and 2** are **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Steven M. Sherman at Thompson Coburn, One US Bank Plaza, Suite 2600, St. Louis, Missouri, 63101, immediately.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that as of the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

**IT IS SO ORDERED.**

**DATED: May 2, 2012**

　　　　　　　　　　　　　　　　　　　　*s/ Michael J. Reagan*
　　　　　　　　　　　　　　　　　　　　**U.S. District Judge**