IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENIO LASO, # R74662, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cv-00379-MJR |
| | ) |
| TIMOTHY VEATH, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

Reagan, District Judge:

Plaintiff Eugenio Laso, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was housed in Menard Correctional Center ("Menard"). On May 2, 2012 this Court conducted a threshold review of the *pro se* complaint pursuant to its authority under 28 U.S.C. § 1915A, dismissed all Defendants except one, concluded that a deliberate indifference claim might lie against the "Unknown Defendant Lieutenant of the Transfer Bus," and allowed Plaintiff an opportunity to amend the complaint, aided by counsel. *See* Doc. 19. This Court appointed Attorney Steven M. Sherman for the limited purpose of identifying the "Unknown Defendant Lieutenant of the Transfer Bus." *See id*. Attorney Sherman filed an amended complaint on October 4, 2012. *See* Doc. 30.

After review of the amended complaint (Doc. 30) pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has stated a claim for deliberate indifference to Plaintiff's serious medical needs in violation of the Cruel and Unusual Punishments Clause of the Eighth

1

Amendment of the U.S. Constitution against Defendant Timothy Veath.  Service has already been issued as to Defendant Veath.

**Disposition**

Because counsel was appointed for a limited purpose and the purpose has been fulfilled, Attorney Sherman may file a motion to withdraw his representation of Plaintiff within 7 days of the date of this order.  If a motion to withdraw is not filed, Attorney Sherman shall continue to represent Plaintiff in this case.

Defendant Veath is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2012.**

s/ Micheal J. Reagan
Michael J. Reagan
United States District Judge
