## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EUGENIO LASO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11−cv−0379−MJR-SCW** |
| | ) | |
| **TIMOTHY VEATH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

### A.    <u>Introduction</u>

Pursuant to 42 U.S.C. § 1983, Plaintiff Eugenio Laso brought this action for deprivations of his constitutional rights that allegedly occurred at Menard Correctional Center and during his transfer to another institution.  Plaintiff made allegations against several Defendants in his original complaint.  After threshold review, all claims were dismissed except one: an Eighth Amendment deliberate indifference claim against an unknown lieutenant.

The Court allowed Plaintiff (aided by counsel) the opportunity to amend his complaint so as to properly name the unknown Defendant (*see* Doc. 19).  On October 4, 2012, Plaintiff (in his Second Amended Complaint) named Timothy Veath, an employee at the Logan Correctional Center, as a Defendant.  Upon review of the amended complaint pursuant to 28 U.S.C. § 1915A, the Court found that Plaintiff had stated an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against Veath (Doc. 32).  In his answer, Veath denied the allegations and raised two affirmative defenses: (1) failure to exhaust administrative remedies, and (2) a statute of limitations defense.  Now before the Court is Veath's motion for judgment on the pleadings, in which he asks for dismissal based on both affirmative defenses.

The motion was filed on January 11, 2013.  Though Plaintiff's response was due on February 13, 2013, *see* **Southern District of Illinois Local Rule (SDIL-LR )7.1(c)(1), SDIL-LR 5.1(c),** he has filed no document opposing the motion.  The motion is therefore ripe for disposition.  In this judicial district, failure to timely respond to a motion may be considered an admission of the motion's merits.  **SDIL-LR 7.1(c).**  The Court considers Plaintiff's failure to respond to the motion in any way such an admission.  An admission to the merits of Defendant's dispositive motion means the motion will be **GRANTED** and the case **DISMISSED with prejudice.**

Even if the Court were to ignore Plaintiff's failure to oppose Defendant's motion, it is clear from the record that judgment on the pleadings is warranted here, because Plaintiff did not exhaust his administrative remedies.

### B.    <u>Applicable Legal Standards</u>

####     1.    Judgment on the Pleadings

In the Seventh Circuit, the issue of administrative exhaustion is typically handled on a motion for summary judgment, since a plaintiff is not required to set out in his complaint that he pursued all of a prison's internal grievance procedures.  ***See Pavey v. Conley,* 544 F.3d 739, 740–41 (7th Cir. 2008).**  But when the existence of a valid affirmative defense, such as failure to exhaust, is plain from the face of the complaint, a court may dismiss the complaint.  ***Turley v. Gaetz,* 625 F.3d 1005, 1013 (7th Cir. 2010).**    When all relevant facts pertaining to an affirmative defense are presented, the court may properly dismiss a case via a Rule 12(c) motion for judgment on the pleadings.  ***Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012).**

The standards for 12(b)(6) motions and 12(c) motions are practically identical.  ***Hayes v. City of Chicago,* 670 F.3d 810, 813 (7th Cir. 2012).**  Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief.  ***Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012),** *citing **Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).**  The motion should

not be granted unless it appears "beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes*, 670 F.3d at 813, *quoting Thomas v. Guardsmark, Inc.,* 381 F.3d 701 (7th Cir. 2004).

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the Prison Litigation Reform Act's exhaustion requirement, which in turn depends on the prison grievance procedures set forth in Illinois law. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).

### 2. PLRA'S EXHAUSTION REQUIREMENT

The Prisoner Litigation Reform Act (PLRA) provides that "no action shall be brought [under federal law] with respect to prison conditions … by a prisoner…until such administrative remedies as are available are exhausted. **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory, and unexhausted claims cannot be brought in court. *Jones v. Bock,* 549 U.S. 199, 211 (2007). The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

The Seventh Circuit takes a strict compliance approach to exhaustion; requiring inmates follow all grievance rules established by the correctional authority. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner therefore must "file complaints and appeals in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry,* 268 F.3d 1022, 1025 (7th Cir. 2002). But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a)**. The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

3.   **EXHAUSTION PROCESS UNDER ILLINOIS LAW**

The Illinois Department of Corrections' (IDOC's) process for exhausting administrative remedies is laid out in the IDOC Grievance Procedures for Offenders. **20 Ill. Admin. Code § 504.810.** If unable to resolve dispute with the counselor, the prisoner may file a written grievance with the Grievance Officer within sixty days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and *the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible.*" *Id.* **(emphasis added).** When a defendant's name is unknown, the prisoner should give any description (i.e. physical, job title or duties) to fulfill the pleadings requirements. ***Knox v. Rhodes*, 2010 WL 3937389 at \*2 (S.D. Ill. 2010),** ***citing Sylvester v. Chandler,*** **2010 WL 3420385 at \*5 (N.D. Ill. 2010) (in an Eighth Amendment deliberate indifference case, plaintiff required "[a]t the very least . . . to generally describe a treater who abused him").**

C.   <u>Analysis</u>

In the instant case, Plaintiff attached his administrative grievance to his complaint, so the Court considers it as part of the motion for judgment on the pleadings. *See* **FED. R. CIV. P. 10(c);** ***188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002) ("[A] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. It is also well-settled in this circuit that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint").** [1]   Plaintiff has alleged that

---

[1]   There are no contested facts here that would require a *Pavey* hearing. It is clear from the pleadings that Plaintiff has not exhausted his administrative remedies against Defendant Veath. ***See Doss v. Gilkey,* 649 F.Supp.2d 905, 912 (S.D. Ill. 2009) (where there are no disputed facts regarding exhaustion, there is no reason to conduct an evidentiary**

Defendant Veath, who supervised Plaintiff's transfer between Menard Correctional Center and Western Correctional Center, failed to secure medical attention for Plaintiff after Plaintiff fainted exiting the transfer bus on a short stop at Logan Correctional Center.   According to the Second Amended Complaint, Plaintiff exhausted the grievance procedure via a grievance he filed on July 23, 2009 grievance he filed at Western.  Unfortunately for Plaintiff, that document includes no mention of any prison official who was involved in his transfer process.   He has not exhausted his administrative remedies as it pertains to Veath, so this case must be dismissed.

*Knox v. Rhodes* is on all fours with the case at bar.  There, District Judge Gilbert found that the prisoner plaintiff failed to meet the specificity required by the grievance pleading standard. **Knox,** **2010 WL 3937389 at \*3.**   The plaintiff in **Knox** failed to provide the names or any descriptions of the defendants involved.   Judge Gilbert reasoned that "while [Plaintiff] cannot be expected to precisely recall the name or job title of [Defendant], he needed to at least provide a physical description of her or a brief summary of her job duties for purposes of § 504.810(b)." **Id.** **See also Allen v. Feinerman,** **2010 WL 894063 at \*10 (S.D. Ill. 2010) ("Plaintiff could have easily named the Defendants, or at least identified them by describing them or their positions, in the grievances he did file.").**

Clearly, here Plaintiff neither named Veath nor described him in any level of detail in his grievance (*see* Doc. 1, 11–12).  While Plaintiff mentions that he fainted during his transfer from Menard to Western, he does not complain that any prison official saw him faint or failed to find medical treatment for him.  The absence of description is a far cry from "as much descriptive information about the individual [grieved against] as possible," **20 Ill. Admin. Code § 504.810,** and

---

**hearing).**   Plaintiff has had ample opportunity to respond to Defendant's exhaustion argument, and his failure to do so is fatal to his case.

gave the IDOC no opportunity to address any claim against Veath — the very purpose of the PLRA's exhaustion requirement, *see Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006).** The Court therefore concludes — or would conclude, had Plaintiff not admitted the merits of the motion by missing his response deadline — that Plaintiff has not exhausted his administrative remedies as they pertain to Defendant Veath.

**D.   Conclusion**

Plaintiff's failure to respond to Defendant's dispositive motion acts as an admission to the merits of the motion.  If the Court overlooks Plaintiff's lack of response, the pleadings plainly establish that Plaintiff failed to exhaust administrative remedies before bringing the instant suit in federal court.

Accordingly, the Court **GRANTS** Defendant Veath's motion for judgment on the pleadings (Doc. 46).  Plaintiff's claims against Defendant Veath are **DISMISSED with prejudice.**  No claims remain in this case, so the Clerk is **DIRECTED** to enter final judgment against Plaintiff Laso and in favor of all Defendants and close this case.

IT IS SO ORDERED.

DATED: March 9, 2013.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge